TIM BYRON (SBN 277569)
tbyron@byronraphael.com
BYRON RAPHAEL LLP
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone:     (415) 839-8500
Facsimile:     (213) 277-5373

JORDAN RAPHAEL (SBN 252344)
jraphael@byronraphael.com
BYRON RAPHAEL LLP
811 Wilshire Blvd., 17th Floor
Los Angeles, CA 90017
Telephone:     (213) 291-9800
Facsimile:     (213) 277-5373

Attorneys for Plaintiff
STANLEY MILLER

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY MILLER,<br><br>                    Plaintiff,<br><br>        v.<br><br>NOMOTA, LLC; FREEDOM JN, LLC;<br>NEAL J. SCHON; JONATHAN CAIN; and<br>DOES 1-10, inclusive;<br><br>                    Defendants. | Case No. 4:23-cv-02332-YGR<br><br>**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR BREACH OF CONTRACT AND COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

FIRST AMENDED COMPLAINT

Plaintiff Stanley Miller ("Miller"), by and through his undersigned attorneys, for his Complaint against Defendants Nomota, LLC ("Nomota"), Freedom JN, LLC ("Freedom"), Neal J. Schon ("Schon"), Jonathan Cain ("Cain"), and DOES 1 through 10 (collectively, "Journey" or "Defendants"), hereby alleges and avers as follows:

## NATURE OF THE ACTION

1. This is an action for breach of contract and copyright infringement brought by Stanley Miller, an iconic American visual artist also known professionally as "Stanley Mouse," "Mouse," "Mouse Studios," "Stanley Mouse Studios," and—with his frequent artistic and business collaborator Alton Kelley ("Kelley")—"Mouse + Kelley," "Kelley Mouse," and variations thereof.

2. Miller, working both alone and with Kelley, created some of the most iconic artwork in the history of rock and roll, including artwork associated with the Grateful Dead, the Steve Miller Band, and Journey. Kelley died in 2008, and his intellectual property and other rights and assets passed to the Alton Kelley and Marguerite Trousdale Kelley 1999 Trust (the "Kelley Trust").

3. In 2015, Miller and the Kelley Trust entered into a Merchandise License Agreement with Nomota, an entity affiliated with the rock band Journey, to license certain Miller and Kelley works (the "Licensed Works") for use on Journey merchandise, including T-shirts (the "Agreement"). Nomota subsequently flooded the market with Journey merchandise featuring Miller's and Kelley's art. Numerous high-profile national retailers—including Walmart, Target, Kohl's, Old Navy, and the Gap—sold such merchandise.

4. Despite repeated requests from Miller and his attorneys, Nomota has breached that Agreement by failing to pay Miller or provide sales reports. Additionally, Nomota has exceeded the scope of that Agreement by using works that were not included under the Agreement and by creating derivative works of the Licensed Works without permission or authorization to do so and without compensating Miller. As such, Nomota has also engaged in copyright infringement of Miller's copyrighted works.

5. Another Journey-affiliated entity, Freedom, is also making, distributing, selling, and profiting off Journey merchandise featuring Miller's works without any right to do so. Miller has never granted any rights to Freedom, and Nomota has never sought or obtained Miller's consent to

FIRST AMENDED COMPLAINT

assign its rights under the Agreement to Freedom.  As such, Freedom is engaged in copyright infringement.

6.      In light of the prolonged breach of contract by Nomota and the blatant, rampant copyright infringement by both Defendants, Miller brings this action seeking actual damages, Defendants' profits, statutory damages, attorneys' fees, injunctive relief, and other appropriate relief.

**THE PARTIES**

7.      Plaintiff Stanley Miller is an artist and a resident and citizen of California.

8.      On information and belief, Defendant Nomota, LLC is a California limited liability company established in or about 1998 as an operating entity for the San Francisco-based musical group Journey.  According to filings with the California Secretary of State, Nomota's principal address is 10990 Wilshire Blvd., 8th Floor, Los Angeles, California 90024.

9.      On information and belief, Nomota manages, oversees, or is otherwise responsible for the design, production, distribution, and/or sale of Journey-branded merchandise.  Below are images of a Journey T-shirt marked with Nomota's name:



| Accused Journey shirt marked with Nomota's Name (front) | Accused Journey shirt marked with Nomota's name (label) |
|---|---|

10.      On information and belief, Defendant Freedom JN, LLC is a Delaware limited liability company affiliated with the San Francisco-based musical group Journey.  On information and belief, two principals of Freedom JN are Neal Schon and Jonathan Cain, two longtime members of the musical group Journey.  On information and belief, Schon resides in this District.  According

FIRST AMENDED COMPLAINT

to a complaint filed by Freedom in California state court and subsequently removed to this Court, representatives of Freedom reside in and do business in California.  *See Freedom JN, LLC v. Frontier Records S.R.L. et al.*, Case No. 21:10060 (N.D. Cal., filed Dec. 29, 2021).

11.    On information and belief, Freedom manages, oversees, or is otherwise responsible for the design, production, distribution, and/or sale of Journey-branded merchandise.  Below are images of a Journey T-shirt marked with Freedom's name:



| Accused Journey shirt marked with Freedom's Name (front) | Accused Journey shirt marked with Freedom's name (label) |
|---|---|

12.    On information and belief, Schon is an individual residing in this District and a member of Journey.  On information and belief, Cain is an individual residing in the State of Florida and a member of Journey.

13.    On information and belief, and based on allegations made by Schon and Cain in recent legal filings, Cain and Schon are the only members and managers of Nomota and each own 50% of Nomota.  On October 31, 2022, Schon brought an action against Cain in Superior Court for the State of California, County of Contra Costa, alleging that Cain had improperly denied Schon access to Nomota's books and records.  *See Schon v. Cain*, No. C22-02337 (Cal. Sup. Ct., filed Oct. 31, 2022).  A true and correct copy of the *Schon v. Cain* complaint is attached to this Complaint as **Exhibit 1.**  On January 13, 2013, Cain filed a cross-complaint against Schon in the same action,

FIRST AMENDED COMPLAINT

alleging that Schon had breached fiduciary duties owed to Nomota by, *inter alia,* using a Nomota credit card to pay more than $1 million in personal expenses.  A true and correct copy of the *Cain v. Schon* cross-complaint is attached to this Complaint as **Exhibit 2**.

14.    On information and belief, Nomota's corporate bylaws are insufficient under California law.  Given that Schon and Cain have resorted to legal action against each another to resolve matters of Nomota's corporate governance, Nomota's bylaws apparently do not adequately explain the rights and duties of shareholders and officers, provide voting rights, or include provisions for preventing and resolving conflicts of interest.

15.    On information and belief, Schon and/or Cain have commingled personal funds with the funds and assets of Nomota and have treated Nomota's assets as their own.  In particular, as Cain has alleged in his cross-complaint against Schon, Schon "has serious financial problems as a result of an extravagant lifestyle" and used a Nomota credit card to charge more than $1 million in personal expenses, including "$42,000 to various PayPal accounts, over $104,000 to Chrome Hearts (jewelry and apparel), more than $31,000 to the Bergdorf Goodman department store in New York City, and over $54,000 for his personal insurance premiums."

16.    On information and belief, Nomota is not adequately capitalized.  Cain has alleged in his cross-complaint against Schon that Schon's use of a Nomota credit card for more than $1 million in personal expenses "created serious liquidity problems" and left Nomota with "insufficient revenues to pay for other expenses."  In light of this and the other allegations above, an inequitable result would follow if the acts of Nomota alleged herein were treated as those of Nomota alone and not of Schon and Cain, the only members and managers of Nomota and the sole owners of Nomota.

17.    On information and belief, DOES 1 through 10 participated in, benefitted from, or are otherwise responsible for the design, production, distribution, and/or sale of Journey-branded merchandise at issue in this Action.  Miller is unaware of the names and true capacities of DOES 1 through 10, and therefore sues them by fictitious names.  Miller will seek leave to amend this Complaint when their true names and capacities are ascertained.

**JURISDICTION**

18.     This Court has subject matter jurisdiction over the federal claim in this action (Claim II) pursuant to 28 U.S.C. § 1331 and § 1338(a) in that the controversy arises under the Copyright Act, 17 U.S.C. § 101 *et seq.*, which is within the exclusive jurisdiction of federal courts pursuant to 28 U.S.C. § 1331.

19.     This Court has supplemental jurisdiction over Miller's breach-of-contract claim brought under state law (Claim I) pursuant to 28 U.S.C. § 1367.

20.     Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the California Long Arm Statute due at least to their substantial business in this State and District, including: (1) at least part of its infringing activities alleged herein; and (2) regularly doing or soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from goods sold and services provided to California residents. Moreover, under Paragraph 9.3 of the parties' Agreement, Nomota expressly agreed that any action brought to enforce the Agreement shall be brought exclusively in an appropriate state court in Marin County, California or in the federal district court in this District, and it expressly consented to the jurisdiction of such courts.

**VENUE**

21.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 and § 1400(a) because, as discussed above, Defendants are amenable to personal jurisdiction in this District and have committed unlawful acts of infringement in this District.  Moreover, under Paragraph 9.3 of the parties' Agreement, Nomota expressly agreed that any action brought to enforce the Agreement shall be brought exclusively in an appropriate state court in Marin County, California or in the federal district court in this District, and it expressly consented to the venue of such courts.

**DIVISIONAL ASSIGNMENT**

22.     This is an Intellectual Property Action to be assigned on a district-wide basis pursuant to Civil Local Rule 3-2(c) and General Order 44.

FIRST AMENDED COMPLAINT

**FACTUAL BACKGROUND**

23.     Stanley Miller is an iconic American artist. For decades, Miller has created artwork under his own name, as well as under his "Stanley Mouse," "Mouse," "Mouse Studios," and "Stanley Mouse Studios" names.

24.     Miller often collaborated, both creatively and in business matters, with Alton Kelley, another iconic American artist. Miller and Kelley frequently signed their respective, individual works under the joint names "Mouse + Kelley" and "Kelley Mouse," as well as under variations thereof. Miller and Kelley also used these names when collaborating on works as co-authors.

25.     Even today, Miller and Kelley are well known for the artworks they created in the 1960s, 1970s, and 1980s that are associated with bands such as the Grateful Dead, the Steve Miller Band, and Journey. Miller's solo works and the works of Miller and Kelley have been shown in museums such as the San Francisco Museum of Modern Art, the Oakland Museum, the Marin Museum of Art, the Boston Museum, the National Museum of American Art, the Rock and Roll Hall of Fame, and the Louvre Museum in Paris.

26.     The unique and vibrant imagery and themes depicted in Miller's works captured and illustrated a historic period of rock culture, particularly the famous rock culture of the era in and around San Francisco.

27.     Miller is, and at all relevant times has been, the copyright owner of numerous copyrights for his works, including U.S. Copyright Registration No. VA0001927846, which issued on September 12, 2014 for the 1981 work "Captured"; U.S. Copyright Registration No. VA0002326935, which issued on October 24, 2022 for the 2015 work "Scarab Hart"; and U.S. Copyright Registration No. VA0002325032, which issued on October 19, 2022 for the 1981 work "Escape." Each of these registrations lists Miller as author and copyright claimant. Images of Miller's registered works "Captured," "Scarab Hart," and "Escape" are shown in the chart below:

FIRST AMENDED COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21



| Captured | Escape |

Scarab Hart

22    28.    In or around early 2015, Nomota reached out to Miller and the Kelley Trust about

23    licensing certain works for use in Journey merchandise.

24    29.    In or about March 2015, Miller and the Kelley Trust entered into a Merchandise

25    License Agreement with Nomota for the Licensed Works.  The Agreement licensed rights in nine

26    works created by Miller, by Kelley, or by Miller and Kelley as co-creators.  These works, shown

27    in Exhibit 1 to the Agreement, are also shown in the chart below, and include both "Escape" and

28    "Captured" but not "Scarab Hart," which was created after March 2015:

FIRST AMENDED COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



| Escape | Evolution |
| Greatest Hits | Infinity |
| Landing Craft | Time³ |

FIRST AMENDED COMPLAINT

1
2
3
4
5
6
7
8



| Departure | Captured |
| --- | --- |

| Day on the Green |
| --- |

30.     Of these Licensed Works, "Captured," "Escape," "Landing Craft," "Time3," and "Day on the Green" were authored solely by Miller; "Greatest Hits" and "Departure" were authored solely by Kelley; and "Evolution" and "Infinity" were co-authored by Miller and Kelley. Notwithstanding these differences in authorship, under Paragraph 5 of the Agreement, Miller and the Kelley Trust jointly agreed to license all nine works to Nomota, with Nomota paying one-half of total royalties from use of the Licensed Works to Miller and one-half to the Kelley Trust.

31.     Paragraph 6 of the Agreement provides for prompt quarterly payment by Nomota to both Miller and Kelley, along with the requirement that payment be accompanied by "a statement setting forth a detailed computation of the amount thereof."

32.     Miller has not received payment or a statement since 2019.   Moreover, the

FIRST AMENDED COMPLAINT

statements Miller did receive failed to provide "a detailed computation" of royalties, as they did not identify sales by Licensed Work, by product, or by retailer.  As such, they failed to provide Miller with enough information to determine whether he was being compensated for all uses of the Licensed Works and whether Nomota had exceeded the scope of the Agreement.

33.     Despite their failure to pay Miller or provide statements, Defendants engaged in large-scale exploitation of the Licensed Works.  Moreover, although the Agreement does not give Nomota the right to make derivative works from the Licensed Works, Defendants have designed, distributed, and sold products that featured artworks derived from the Licensed Works, including artworks that combined different aspects of the Licensed Works or adapted the distinctive airbrushed works into different artistic styles and art mediums.

34.     The chart below shows numerous non-exhaustive examples of Defendants' exploitation of the Licensed Works via reproduction and/or creation of derivative works:

| Licensed Work | Journey Product |
|---|---|
|  |  |
|  |  |

FIRST AMENDED COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| Licensed Work | Journey Product |
|---|---|



FIRST AMENDED COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



FIRST AMENDED COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



| Licensed Work | Journey Product |
|---|---|

FIRST AMENDED COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



FIRST AMENDED COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



FIRST AMENDED COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



FIRST AMENDED COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



| Licensed Work | Journey Product |
|---|---|

FIRST AMENDED COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



FIRST AMENDED COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



| Licensed Work | Journey Product |
|---|---|

FIRST AMENDED COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| Licensed Work | Journey Product |
|---|---|



FIRST AMENDED COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



| Licensed Work | Journey Product |
|---|---|

FIRST AMENDED COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



| Licensed Work | Journey Product |
|---|---|

FIRST AMENDED COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



| Licensed Work | Journey Product |
|---|---|

35.    Defendants distributed the above products not only at hundreds of Journey concerts and on Journey's website, but also via a wide network of physical and online mass-market and specialty retail outlets, including but not limited to Walmart, Target, Urban Outfitters, Hot Topic, Aeropostale, Forever 21, Lucky Brand, the Gap, Old Navy, and Kohl's.

## COUNT I

### (Breach of Contract – Against All Defendants Except Freedom)

36.    Miller repeats, realleges, and incorporates herein by reference the allegations in the foregoing paragraphs as if fully set forth herein.

37.    Under the 2015 Agreement, Miller and the Kelley Trust granted to Nomota the right to sell and distribute merchandise featuring nine works in Exhibit 1 to the Agreement and shown in a chart above.

38.    Miller has performed all the terms, conditions, covenants, and promises required to be performed in accordance with the Agreement.

39.    Pursuant to Paragraph 6 of the Agreement, Nomota is required to pay Miller royalties on a quarterly basis and to accompany payment with a statement setting forth a detailed computation of the amount thereof.

40.    Nomota breached Paragraph 6 of the Agreement by failing to pay Miller royalties on a quarterly basis and by failing to accompany said payment with a "detailed computation of the amount thereof."

FIRST AMENDED COMPLAINT

41.     Pursuant to Paragraph 6 of the Agreement, Nomota is required to retain records of its sale of Licensed Products under said agreement.

42.     On information and belief, Nomota breached the Agreement by failing to retain records of its sale of Licensed Products under the Agreement.

43.     The Agreement does not give Nomota a license to create derivative works from the Licensed Works.

44.     Nomota breached the Agreement and/or exceeded its scope by making, distributing, and exploiting works derived from the Licensed Works.

45.     Pursuant to Paragraph 3 of the Agreement, Nomota is required to furnish, free of cost, "one (1) sample of each Product covered by this Agreement to each of the Licensors [i.e., to Miller and the Kelley Trust]," thereby giving Miller an opportunity to "keep tabs" on Nomota's performance under the Agreement and meaningfully review statements under the Agreement.

46.     Nomota breached the Agreement by failing to provide Miller with samples of products covered by the Agreement.

47.     Paragraph 9.9 of the Agreement includes a fee-shifting provision that provides:

> Should either Party be required to bring legal action to enforce its rights under this Agreement, the adjudicator presiding over such dispute shall determine each Party's culpability regarding the underlying dispute and each Party's respective efforts to resolve the matter amicably prior to such legal action being brought . . . and such adjudicator shall determine the percentage, if any, that each Party shall be required to reimburse each other Party for the latter's expenses, including court costs and reasonable attorneys' and expert witness fees and costs in addition to any other relief to which it is entitled.

48.     Prior to commencing this lawsuit, Miller and his attorneys made numerous attempts to amicably resolve this dispute with Defendants, all of which were ignored.

49.     As a direct and proximate result of Nomota's breach, Miller has suffered damages, including incurring attorneys' fees, in an amount subject to proof at trial.

Schon and Cain are personally liable for Nomota's breach because there exists unity of interest and ownership such that the separate personalities of the corporation and the individuals do not exist and an inequitable result will follow if the acts are treated as those of the corporation alone.   In

particular, as discussed at length in Paragraphs 8 to 15 above and as substantiated in the legal complaints brought by Schon and Cain against one another (attached hereto as Exhibits 1 and 2), Schon and/or Cain collectively own 100% of Nomota and possess total control over it, have commingled Nomota funds and/or assets with personal funds and/or assets, have failed to adequately capitalize Nomota, have disregarded legal formalities, and have failed to maintain arms' length relationships with Nomota.

## **COUNT II**

**(Violation of the Copyright Act, 17 U.S.C. § 101 *et seq*. – Against All Defendants)**

50.     Miller repeats, realleges, and incorporates herein by reference the allegations in the foregoing paragraphs as if fully set forth herein.

51.     Defendants infringed Miller's rights in the registered works "Escape," "Captured," and "Scarab Hart" by reproducing, distributing, selling, publicly displaying, and creating derivative works of those works without permission, authorization, or license from Miller.   Although Miller is unaware of the full scope of Defendants' infringement, the chart below contains numerous non-exhaustive examples:

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



| Registered Work | Infringing Work |
| --- | --- |

FIRST AMENDED COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



| Registered Work | Infringing Work |
|---|---|

FIRST AMENDED COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



| Registered Work | Infringing Work |
|---|---|

FIRST AMENDED COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



FIRST AMENDED COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



| Registered Work | Infringing Work |
|---|---|

FIRST AMENDED COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| Registered Work | Infringing Work |
|---|---|



FIRST AMENDED COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



FIRST AMENDED COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| Registered Work | Infringing Work |
|---|---|



FIRST AMENDED COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



FIRST AMENDED COMPLAINT

52.     Defendants' conduct has been at all times knowing, willful, and with complete disregard of Miller's rights.

53.     As a proximate cause of Defendants' wrongful conduct, Miller has been irreparably harmed and Defendants have been unjustly enriched.

54.     Pursuant to 17 U.S.C. § 504(b), Miller is entitled to damages, including the substantial profits of Defendants, as will be proven at trial.

55.     In the alternative, pursuant to 17 U.S.C. § 504(c), Miller is entitled to statutory damages.

56.     Miller is entitled to his costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

## **PRAYER FOR RELIEF**

WHEREFORE, Miller prays for judgment against Defendants as follows:

A.     An award of damages pursuant to the Agreement and 17 U.S.C. § 504(b), including actual damages, and Defendants' profits as will be proven at trial, or in the alternative, statutory damages pursuant to 17 U.S.C. § 504(c);

B.     An award of attorneys' fees and full costs pursuant to the Agreement, 17 U.S.C. § 505, and other applicable law;

C.     Prejudgment and post-judgment interest according to law;

D.     Injunctive relief, including but not limited to specific performance of Nomota's obligations under the Agreement and/or a permanent injunction requiring Defendants to cease directly and indirectly infringing and/or participating in the infringement of any of Miller's rights protected under the law; and

E.     For other and further relief as this Court may deem just and proper.

FIRST AMENDED COMPLAINT

1  Dated: June 2, 2023                    BYRON RAPHAEL LLP

2                                         By:    */s/ Tim Byron*
3                                                TIM BYRON

4                                         TIM BYRON (SBN 277569)
                                          tbyron@byronraphael.com
5                                         BYRON RAPHAEL LLP
                                          100 Pine Street, Suite 1250
6                                         San Francisco, CA 94111
                                          Telephone:    (415) 839-8500
7                                         Facsimile:     (213) 277-5373

8                                         JORDAN RAPHAEL (SBN 252344)
                                          jraphael@byronraphael.com
9                                         BYRON RAPHAEL LLP
                                          811 Wilshire Blvd., 17th Floor
10                                        Los Angeles, CA 90017
                                          Telephone:    (213) 291-9800
11                                        Facsimile:     (213) 277-5373

12                                        *Attorneys for Plaintiff*
                                          STANLEY MILLER
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## <u>DEMAND FOR JURY TRIAL</u>

2

Plaintiff Stanley Miller hereby demands a jury trial pursuant to Fed. R. Civ. P. 38 on all

3

issues raised in the Complaint.

4

5

Dated: June 2, 2023                            BYRON RAPHAEL LLP

6

By:    */s/ Tim Byron*

7

Tim Byron

8

TIM BYRON (SBN 277569)
tbyron@byronraphael.com

9

BYRON RAPHAEL LLP
100 Pine Street, Suite 1250

10

San Francisco, CA 94111
Telephone:    (415) 839-8500

11

Facsimile:    (213) 277-5373

12

JORDAN RAPHAEL (SBN 252344)
jraphael@byronraphael.com

13

BYRON RAPHAEL LLP
811 Wilshire Blvd., 17th Floor

14

Los Angeles, CA 90017
Telephone:    (213) 291-9800

15

Facsimile:    (213) 277-5373

16

*Attorneys for Plaintiff*
STANLEY MILLER

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

Electronically Filed Superior Court of CA County of Contra Costa 10/31/2022 1:47 PM By: M. Macapinlac, Deputy

1   LOUIS R. MILLER (State Bar No. 54141)
    smiller@millerbarondess.com
2   COLIN H. ROLFS (State Bar No. 280654)
    crolfs@millerbarondess.com
3   MILLER BARONDESS, LLP
    1999 Avenue of the Stars, Suite 1000
4   Los Angeles, California 90067        Per local Rule, This case is assigned to
    Telephone:    (310) 552-4400         Judge Fannin, Jill C, for all purposes.
5   Facsimile:    (310) 552-8400

6   Attorneys for Plaintiff                                      SUMMONS ISSUED
    NEAL J. SCHON
7
                 SUPERIOR COURT OF THE STATE OF CALIFORNIA
8
                         COUNTY OF CONTRA COSTA
9

10                                                    C22-02337
    NEAL J. SCHON,
11                                        CASE NO.
                      Plaintiff,
12                                        COMPLAINT FOR DECLARATORY
           v.                             JUDGMENT AND INJUNCTION
13
    JONATHAN CAIN; and DOES 1-10,
14
                      Defendants.
15

16

17

18

19

20

21

22

23

24

25

26

27

28

570519.1

─────────────────────────────────────────────
                        COMPLAINT

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000, LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1    Plaintiff Neal J. Schon ("Schon"), by and through his undersigned attorneys, alleges

2  against Defendant Jonathan Cain ("Cain") and DOES 1-10 (together, "Defendants") as follows:

3                                      **INTRODUCTION**

4    1.    Plaintiff Schon is the leader and original founding member of the iconic American

5  rock band *Journey*.  This action is brought to turn the lights on, so to speak, and obtain critical

6  financial information Schon has been trying to obtain but has been denied.

7    2.    Schon and Defendant Cain are the 50-50 owners, members, and managers of an

8  entity known as Nomota, LLC ("Nomota"), through which *Journey* operates.  As a member and

9  manager and the founder and leader of *Journey*, Schon has the right to access and control

10  Nomota's books and records.  Schon must have unfettered access to Nomota's records so that he

11  can oversee and manage Nomota/*Journey*.

12    3.    Nomota's records also contain financial information necessary for Schon and his

13  representatives to determine the portion of *Journey*'s profits to which he is entitled as the founder

14  and president of *Journey*.  Schon's right to *Journey* profits is being controlled by Cain—Schon's

15  bandmate, who Schon brought into the band in the 1980s—and despite all of his requests and

16  efforts, Schon has been unable to get full access.

17    4.    Schon's financial authority over Nomota has been improperly restricted and

18  blocked by Cain.  Among other things, the American Express ("AMEX") account of Nomota has

19  been set up such that only Cain has control of the account and access to its records.  The AMEX

20  account is a *Journey* account, not a personal account of Cain.  On information and belief, millions

21  in *Journey* funds have flowed through this AMEX account.

22    5.    Schon has tried to avoid legal action, repeatedly requesting that Cain grant him

23  access to the AMEX account.  For many months, Cain and his representatives have represented

24  that Schon would be granted access.  But every time Schon contacted AMEX, AMEX informed

25  him that he was still not authorized to access AMEX account records.  Cain has not been

26  forthcoming and cooperative, making this action necessary.

27    6.    Schon has no choice but to bring this action for a declaratory judgment and

28  preliminary and permanent injunction confirming his right to access Nomota's records, including

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1    any and all AMEX records.  Among other things, Schon is entitled to a preliminary and permanent

2    injunction requiring Cain to take all actions with AMEX to authorize Schon to directly access

3    Nomota's AMEX records.

4                                               **PARTIES**

5              7.       Plaintiff Schon is the leader and founding member of the iconic American rock

6    band *Journey* and a member and manager of Nomota.

7              8.       Cain is a *Journey* band member and a member and manager of Nomota.

8              9.       Nomota is a California limited liability company with its principal place of

9    business in California.

10             10.      Plaintiff does not know the true names or capacities of Defendants designated Does

11   1 through 10, inclusive, and therefore sues said Defendants under fictitious names.  Plaintiff will

12   amend this Complaint to show their true names and capacities if and when ascertained.

13             11.      On information and belief, Defendants have at all relevant times acted as the agent,

14   representative, or alter ego of each other such that each Defendant is responsible for the acts of

15   other Defendants alleged herein.

16                                 **JURISDICTION AND VENUE**

17             12.      This Court has jurisdiction in this matter pursuant to California Code of Civil

18   Procedure § 410.10 and the California Constitution, Article VI, § 10.  Section 410.10 of the Code

19   of Civil Procedure provides that California state courts "may exercise jurisdiction on any basis not

20   inconsistent with the Constitution of [California] or of the United States."  The exercise of

21   jurisdiction by California is constitutionally permissible because the wrongdoing occurred in

22   California and involved a California limited liability company based in California and because this

23   action arises from and relates to rights and obligations entered into in California.

24             13.      Venue is proper under California Code of Civil Procedure section 395(a).  Cain and

25   Schon have also previously consented to jurisdiction and venue in this Court by filing and

26   pursuing litigation relating to Nomota in this Court.

27                                 **FACTUAL ALLEGATIONS**

28             14.      Schon is the leader and founding member of *Journey*, one of the most successful

570519.1
                                                     3
                                               COMPLAINT

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL:(310) 552-4400   FAX:(310) 552-8400

1   rock bands of all time.  *Journey* is a member of the Rock and Roll Hall of Fame and the Grammy

2   Hall of Fame.  The band has ten platinum albums, eighteen Top 40 singles, over a billion streams,

3   and has sold over 100 million albums worldwide.

4         15.   Nomota was established in or about 1998 as an operating entity for *Journey*.  Schon

5   and Cain are the sole members and managers of Nomota.  Schon and Cain's status as the sole

6   members and managers of Nomota resulted from prior litigation in this Court, *Neal Schon, et al. v.*

7   *Ross Valory, et al.*, Case No C20-00407.

8         16.   As a manager of Nomota, Schon has the right to unfettered, direct access to all of

9   Nomota's financial records.  Cain is not allowed any greater financial authority or access than

10   Schon.  Schon also has the right to access the books and records of Nomota.

11         17.   Schon's financial authority and right of access to Nomota's records are necessary

12   for Schon to oversee Nomota and lead *Journey*.  Schon and Cain are equal partners in Nomota;

13   Cain cannot deny Schon access to Nomota records.  Schon also requires full access to Nomota's

14   records so that he and his representatives can accurately determine the portion of *Journey*'s profits

15   to which he is entitled.  Schon's right to *Journey* profits is being improperly controlled by Cain.

16   Schon and Cain are 50/50 partners in *Journey*, and Schon is entitled to half of the profits from

17   *Journey*.  To prevent further obstruction by Cain, tour and other revenues should be paid 50%

18   directly to Schon and 50% directly to Cain.  Among other things, Cain should be required to sign

19   letters of direction instructing promoters and others to make payments accordingly.

20         18.   Cain is interfering with *Journey*, refusing to respond to booking opportunities,

21   blocking payment to band members, crew, and vendors, refusing to execute necessary operating

22   documents, and in other ways as well.  Cain has obstructed Schon from viewing expenses incurred

23   by Cain and his touring party on band tours.  Cain has further refused to deal with critical, time-

24   sensitive touring contracts for *Journey*'s 2023 tour and ensure payment for band members and

25   crew, who Cain contends are "non-essential."  Schon believes those band and crew who are

26   crucial to the band's success should be paid.  Cain's conduct is inexplicable.  Under these

27   circumstances, Cain cannot be the only one with access to Nomota's financial records.  It is vital

28   that Schon and his representatives have immediate access to all of Nomota's financial records so

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1    that *Journey*'s finances can be properly managed and so that *Journey* continues its established

2    success as the band that Schon has led since 1973.

3         19.     Nomota's AMEX account was set up by Cain, without Schon's consent or

4    knowledge, with only Cain as the account holder.  Cain set up the account so that only he is

5    authorized to access the records and information for the account.  Cain has blocked Schon from

6    access.  AMEX has informed Schon that it cannot release information to Schon.  This obstruction

7    of access has been concealed.  AMEX was the first to notify Schon of the improper setup of the

8    Nomota AMEX account and that Schon's access has been obstructed by Cain.

9         20.     Schon has repeatedly demanded that Cain authorize him to have full authority to

10   directly access AMEX's records for Nomota's account.  To date, Cain has not done so.  As a

11   result, Schon is left with no choice but to bring this action to enforce his rights and authority as a

12   manager and member of Nomota.

13                       **FIRST CAUSE OF ACTION**

14                        **(Declaratory Judgment)**

15            **(Plaintiff against Defendant and DOES 1-10)**

16        21.     Plaintiff hereby incorporates, as though set forth in full herein, all preceding and

17   subsequent paragraphs of the Complaint.

18        22.     An actual controversy has arisen and now exists between Schon and Cain as to

19   whether Schon is entitled to full and equal financial authority as to Nomota and unfettered access

20   to Nomota's financial records, including direct access to AMEX's records for Nomota's account.

21   It is believed, based on Cain's refusal to grant Schon full authority to access the AMEX account,

22   that Cain disputes this contention.  Cain has denied Schon direct access to the AMEX account,

23   saying that Schon only can have access through Cain.  This is untenable.

24        23.     An actual controversy has also arisen and now exists between Schon and Cain as to

25   whether Schon is entitled to his 50% share of profits from *Journey*.  Schon's right to *Journey*

26   profits is being improperly controlled by Cain.  Schon and Cain are 50/50 partners in *Journey*, and

27   Schon is entitled to half of the profits from *Journey*.  It is believed, based on Cain's improper

28   control of Schon's right to *Journey* profits, that Cain disputes this contention.  To prevent further

Plaintiff Stanley Miller's FAC
Exhibit 1

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL (310) 552-4400   FAX (310) 552-8400

1    obstruction by Cain, tour and other revenues should be paid 50% directly to Schon and 50%

2    directly to Cain.

3        24.       Schon requests a declaration and judicial determination of the rights and

4    obligations of the parties to this action, including a declaration that Schon is entitled to full

5    financial authority as to Nomota and unfettered access to Nomota's financial records, that Cain is

6    not entitled to any greater financial authority or access than Schon, that Schon has the authority to

7    directly access all AMEX records, and that, based on their 50/50 partnership, tour and other

8    revenues should be paid 50% directly to Schon and 50% directly to Cain.  A judicial determination

9    is necessary, appropriate, and desirable so that each of the parties may ascertain their respective

10    rights as to one another.

**SECOND CAUSE OF ACTION**

**(Injunction)**

**(Plaintiff against Defendant and DOES 1-10)**

14        25.       Plaintiff hereby incorporates, as though set forth in full herein, all preceding and

15    subsequent paragraphs of the Complaint.

16        26.       As a manager of Nomota, Schon has authority over Nomota's financial affairs and

17    the right to unfettered, direct access to Nomota's financial records.  Cain is not allowed any

18    greater financial authority or access than Schon.

19        27.       Schon's authority and right of access have been impaired.  Among other things,

20    Cain will not authorize Schon to have unfettered, direct access to AMEX's records for Nomota.

21    As a result, Schon cannot properly oversee Nomota and lead *Journey*, and Schon and his

22    representatives cannot accurately determine the portion of *Journey*'s profits to which he is entitled.

23    Schon should not have to go through Cain for these records.  Schon should be able to access them

24    directly from AMEX.

25        28.       Schon's right to *Journey* profits is also being improperly controlled by Cain.

26    Schon and Cain are 50/50 partners in *Journey*, and Schon is entitled to half of the profits from

27    *Journey*.  To prevent further obstruction by Cain, tour and other revenues should be paid 50%

28    directly to Schon and 50% directly to Cain.

Plaintiff Stanley Miller's FAC
Exhibit 1

29.     In order to secure and adequately protect Schon's rights, including those rights Schon seeks to affirm by his claim for declaratory judgment, Schon seeks a preliminary and permanent injunction requiring Cain to grant him full authority and access as to Nomota's financial records, including by taking all actions with AMEX to grant Schon direct access to AMEX's records for Nomota, and requiring, based on their 50/50 partnership, that tour, and other revenues should be paid 50% directly to Schon and 50% directly to Cain.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays for a judgment against Defendants for:

(1)     A declaration that Schon is entitled to full financial authority as to Nomota and unfettered access to Nomota's financial records, that Cain is not entitled to any greater financial authority or access than Schon, and that Schon has the authority to directly access all AMEX records;

(2)     A declaration that, based on their 50/50 partnership, tour and other revenues should be paid 50% directly to Schon and 50% directly to Cain;

(3)     A preliminary and permanent injunction requiring Cain to grant Schon full authority and access as to Nomota's financial records, including by taking all actions with AMEX to grant Schon direct access to AMEX's records for Nomota;

(4)     A preliminary and permanent injunction requiring that tour and other revenues should be paid 50% directly to Schon and 50% directly to Cain;

(5)     Attorney's fees;

(6)     An award of its costs of suit herein; and

(7)     For such other and further relief as the Court may deem proper and just.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1   DATED:  October 31, 2022       Respectfully submitted,

2                                    MILLER BARONDESS, LLP

3

4                               By:

5                                      COLIN H. ROLFS

6                                      Attorneys for Plaintiff
NEAL J. SCHON

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8
COMPLAINT

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

# EXHIBIT 2

Electronically Filed Superior Court of CA County of Contra Costa 1/13/2023 1:18 PM By: K. Vaquerano, Deputy

1  Alan S. Gutman, SBN 128514
   Caroline van Oosterom, SBN 240003
2  GUTMAN LAW
   9350 Wilshire Blvd., Suite 350
3  Beverly Hills, CA 90212
   Telephone: 310-385-0700
4  Email: alangutman@gutmanlaw.com
            cvanoosterom@gutmanlaw.com
5

6  Attorneys for Defendant and
   Cross-Complainant JONATHAN CAIN
7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                 **FOR THE COUNTY OF CONTRA COSTA**

10

11  NEAL J. SCHON,                          ) CASE NO. C22-02337
                                            ) Case Assigned to the Hon. Danielle K.
12                          Plaintiff,      ) Douglas, Dept. 18
                                            )
13  vs.                                     ) COMPLAINT FILED 10/31/2022
                                            )
14  JONATHAN CAIN; and DOES 1-10,           ) **CROSS-COMPLAINT BY**
                                            ) **JONATHAN CAIN**
15                          Defendants.     )
    ───────────────────────────            )     **(1) BREACH OF FIDUCIARY**
16                                          )         **DUTY [Derivative]**
    JONATHAN CAIN,                          )     **(2) BREACH OF FIDUCIARY**
17                                          )         **DUTY [Individual]**
                      Cross-Complainant,    )     **(3) UNJUST ENRICHMENT**
18                                          )
    vs.                                     ) **DEMAND FOR JURY TRIAL**
19                                          )
    NEAL J. SCHON; and ROES 1-10,           ) Trial Date:    None Set.
20                                          )
                      Cross-Defendants      )
21                                          )
    -and-                                   )
22                                          )
    NOMOTA, LLC, a California limited       )
23  liability company,                      )
                                            )
24               Nominal Cross-Defendant    )
                                            )
25  ───────────────────────────            )

26

27

28

                                    1
                          **CROSS-COMPLAINT**

Plaintiff Stanley Miller's FAC
Exhibit 2

1  Cross-Complainant Jonathan Cain alleges as follows:

2  **PARTIES**

3  1.   Cross-Complainant Jonathan Cain ("Cross-Complainant" or "Cain") is, and at all

4  relevant times herein was, an individual residing in the State of Florida. Cain is the pianist and

5  keyboardist of the rock band *Journey*.

6  2.   Cross-Complainant is informed and believes, and thereon alleges, that Cross-

7  Defendant Neal J. Schon ("Schon") is and at all relevant times was, an individual residing in the

8  State of California who initiated this action in Contra Costa County. Schon is also a member of

9  *Journey*.

10  3.   Cross-Complainant is informed and believes and thereon alleges that nominal

11  Cross-Defendant Nomota, LLC ("Nomota") is a limited liability company organized and existing

12  under the laws of the State of California with its principal place of business in the State of

13  California. Cain and Schon are currently the only members and managers of Nomota. Cain and

14  Schon each own 50 percent of Nomota.

15  4.   Cross-Complainant is informed and believes and thereon alleges that the true

16  names and capacities, whether individual, corporate, associate or otherwise, of cross-defendants

17  herein named as Roes 1 through 10, inclusive, are unknown to Cross-Complainant, who

18  therefore sues said cross-defendants by such fictitious names. Cross-Complainant will seek to

19  amend this cross-complaint to state the true names and capacities of these Roe cross-defendants

20  when they have been ascertained. For convenience, any reference throughout this complaint to a

21  named cross-defendant shall also refer to a Roe cross-defendant.

22  5.   At all times herein mentioned, each of the Cross-Defendants was and is the agent,

23  servant and employee of each of the other Cross-Defendants, and all of the things alleged to have

24  been done by said Cross-Defendants were done in the capacity of and as agent of the other

25  Cross-Defendants.

26  **ALLEGATIONS COMMON TO ALL CLAIMS, CAUSES OF ACTION AND
REQUESTED RELIEF**

27  6.   Cain joined *Journey* as its pianist and keyboardist in 1980. He is also a co-writer

28  on most of *Journey's* greatest hits, including "Don't Stop Believin'," "Faithfully," "Girl Can't

2
**CROSS-COMPLAINT**

Help It," "Open Arms," "Send Her My Love," "Stone in Love," and "Who's Crying Now." Cain has continuously recorded, performed and toured with *Journey* since 1980.

7.    Nomota was formed in or about May 1998. While there have been changes to the membership since 1998, Cain and Schon are currently 50% co-owners of Nomota.

8.    In or about 1998, an American Express platinum corporate credit card in the name of Nomota was issued ("AMEX Account"). Cain is the personal guarantor on the AMEX Account. It is tied to Cain's Social Security number and Cain is personally liable for all expenses on the AMEX Account.

9.    The AMEX Account is used to charge the expenses related to *Journey's* touring activities, including but not limited to, airfare, hotels, and other vendors, that *Journey* relies on to go on tour.

10.    Cross-Complainant is informed and believes and thereon alleges that while Schon may have once had a gold card on the AMEX Account, Schon first obtained a platinum card in his name on the AMEX Account in or about May 2021 ("Schon's AMEX Card"). Prior to that time, Schon never expressed an interest for an individual card on the AMEX Account. It was about this time or in the summer of 2021, Cain was informed by *Journey's* business manager that Schon had serious financial problems as a result of an extravagant lifestyle and could not keep up with his expenses.

11.    Once Schon obtained Schon's AMEX Card, he promptly began (mis)using it to pay for his personal expenses.

12.    During the first one-month billing cycle, after Schon obtained the AMEX Card, he charged more than $50,000 in personal expenses for the billing period ending September 15, 2021.

13.    For the one-month billing period ending January 15, 2022, Schon charged more than $100,000 of his personal expenses on the AMEX Card.

14.    For the one-month billing period ending February 13, 2022, Schon charged approximately $30,000 of his personal expenses on the AMEX Card.

//

Plaintiff Stanley Miller's FAC
Exhibit 2

1    15.    Unfortunately, Schon's fiscal restraint was short lived. Schon's spending activity

2 escalated and was completely out of control in the very next billing cycle.

3    16.    For the one-month billing period ending March 16, 2022, Schon charge more than

4 $400,000 of his personal expenses on the AMEX Card. The charges included $42,000 to various

5 PayPal accounts, over $104,000 to Chrome Hearts (jewelry and apparel), more than $31,000 to

6 the Bergdorf Goodman department store in New York City, and over $54,000 for his personal

7 insurance premiums.

8    17.    Schon's charges placed considerable pressure on *Journey* and its ability to cover

9 normal tour expenses. Schon was spending *Journey's* money, and Cain is the one who was and is

10 ultimately liable for the AMEX Account and Schon's charges on the AMEX Card.

11    18.    In order to protect the band's ability to cover expenses, Cain requested that

12 American Express limit the charges on Schon's AMEX Card to $30,000 per month. This

13 spending limit infuriated Schon.

14    19.    Even with the $30,000 limit on Schon's card on the Nomota AMEX account,

15 Schon still managed to spend hundreds of thousands of dollars in additional, excessive personal

16 expenses through other tour personnel and travel agents. For example, the budget allocated a

17 maximum of $1,500 per night for hotel rooms for Schon and Cain. However, Schon demanded to

18 stay in hotel suites that cost in excess of $5,000 per night. After the recent tour ended in

19 Honolulu, Hawaii, Schon stayed an extra week in a hotel suite that cost $6,000 a night, and

20 charged more than $100,000 in expenses to the AMEX Account.

21    20.    From May 2021 until the fall of 2022, Schon has caused over $1 million in

22 personal expenses to be charged to the AMEX Account.

23    21.    Schon's use of the Nomota AMEX card for personal expenses created serious

24 liquidity problems for the band, as the AMEX balance had to be paid every month, and there

25 were insufficient revenues to pay for other expenses as Schon saddled *Journey* with over $1

26 million of his personal expenses.

27 //

28 //

4
**CROSS-COMPLAINT**

**<u>FIRST CAUSE OF ACTION</u>**

**BREACH OF FIDUCIARY DUTY [Derivative]**

**By Cross-Complainant Cain, derivatively, on behalf of Nomota, Against Cross-Defendant**

**Schon**

22.     Cain, pleading derivatively, on behalf of Nomota, re-alleges and incorporates by reference Paragraphs 1 through 21, inclusive, as though set forth in full herein.

23.     At all times relevant to this Cross-Complaint, Schon has been and is a member, manager and co-owner of Nomota, who owes the fiduciary duties of loyalty, good faith, and care, which are codified by California law, as well as the agreements governing Nomota.

24.     Pursuant to those duties, Schon was required to act as a reasonably careful member, manager and co-owner would have acted under the same or similar circumstances, was required to act in the highest good faith toward Nomota, was required to act in Nomota's best interests and owed a duty of loyalty to Nomota. Schon was obligated not to engage in self-dealing transactions that benefited only himself, or to waste valuable corporate assets.

25.     Schon has brazenly and repeatedly breached these fiduciary duties owed to Nomota.

26.     Cain did not make any effort to secure action from the management of the LLC prior to the filing of this Cross-Complaint as any such effort would have been futile since the management consists of 50% interests held by Cain and Schon, and Schon would not have agreed to authorize the LLC to sue him. Nevertheless, in December of 2022, Cain informed Schon's representatives of the ultimate facts of each cause of action alleged herein.

27.     The breaches of fiduciary duty of Schon have caused, and continue to cause, proximately, directly, and indirectly, actual economic and non-economic damage to the Nomota, in an amount to be established at trial, but that exceeds the jurisdictional minimum of this Court. Schon's breaches of fiduciary duty were a substantial factor in all harm to Nomota for which relief is sought in this action.

//

//

Plaintiff Stanley Miller's FAC
Exhibit 2

28.     In performing the acts described herein, Schon acted with sufficient malice, wantonness, willfulness, recklessness, oppression, and/or fraud, so as to entitle Nomota to an award of exemplary and punitive damages according to proof.

29.     Cain requests, pursuant to this Court's equitable powers, the appointment of a provisional director and/or receiver to manage Nomota's business and affairs pending the resolution of this dispute, as well as all other equitable remedies and rights under *Corporations Code* § 17701.01 *et seq.*, so that the members' interests in Nomota may be preserved and protected from further unlawful conduct by Schon or anyone acting on his behalf or in concert with him.

## SECOND CAUSE OF ACTION

### BREACH OF FIDUCIARY DUTY [Individual]

### By Cross-Complainant Cain, Against Cross-Defendant Schon

30.     Cain, re-alleges and incorporates by reference Paragraphs 1 through 21, inclusive, as though set forth in full herein.

31.     By virtue of the fact that Schon and Cain were, and are, and have been at all relevant times, members, managers, and co-owners of Nomota, a California LLC, Schon owed unqualified fiduciary duties of good faith, care, and loyalty to Cain pursuant to, *inter alia,* California *Corporations Code* § 17704.09, as well as common law and the agreements governing Nomota.

32.     Pursuant to those duties, Schon was required to act as a reasonably careful co-owner would have acted under the same or similar circumstances, was required to act in the highest good faith toward Cain, was required to act in Cain's best interests and owed a duty of loyalty to Cain. Further, Schon was obligated not to engage in self-dealing transactions that benefited only himself, or to waste valuable corporate assets.

33.     Schon has brazenly and repeatedly breached these fiduciary duties owed to Cain.

34.     The breaches of fiduciary duty of Schon have caused, and continue to cause, proximately, directly, and indirectly, actual economic and non-economic damage to Cain, in an amount to be established at trial, but that exceeds the jurisdictional minimum of this Court.

Plaintiff Stanley Miller's FAC
Exhibit 2

1    Schon's breaches of fiduciary duty were a substantial factor in all harm to Cain for which relief

2    is sought in this action.

3          35.    In performing the acts described herein, Schon acted with sufficient malice,

4    wantonness, willfulness, recklessness, oppression, and/or fraud, so as to entitle Cain to an award

5    of exemplary and punitive damages according to proof.

6          36.    Cain requests, pursuant to this Court's equitable powers, the appointment of a

7    provisional director and/or receiver to manage Nomota's business and affairs pending the

8    resolution of this dispute, as well as all other equitable remedies and rights under *Corporations*

9    *Code* § 17701.01 *et seq.*, so that the members' interests in Nomota may be preserved and

10   protected from further unlawful conduct by Schon or anyone acting on his behalf or in concert

11   with him.

12                        **THIRD CAUSE OF ACTION**

13                          **UNJUST ENRICHMENT**

14            **By Cross-Complainant Cain, Against Cross-Defendant Schon**

15         37.    Cain, re-alleges and incorporates by reference Paragraphs 1 through 21, inclusive,

16   as though set forth in full herein.

17         38.    As a result of Schon's use of the AMEX Card for personal expenses, whereby

18   Schon charged over $1 million in personal expenses to the AMEX Account, Schon was unjustly

19   enriched at the expense and to the detriment of both Nomota and Cain.

20         39.    Cain, both individually and as a member of Nomota, seeks restitution from Schon,

21   and an order for Schon to disgorge all profits, benefits, and disguised dividends he obtained as a

22   result of his wrongful conduct, conversion, fiduciary breaches and/or abuse of his position, as it

23   would be inequitable for Schon to retain the benefits that were unjustly and improperly obtained.

24   //

25   //

26   //

27   //

28   //

                                7
                        **CROSS-COMPLAINT**

1          **PRAYER FOR RELIEF**

2          WHEREFORE, Cross-Complainant Jonathan Cain prays for judgment against the Cross-

3   Defendants, and each of them, as follows:

4          1.   For damages, according to proof, whether economic, non-economic, general,

5              special, actual, compensatory, or otherwise;

6          2.   Punitive and exemplary damages;

7          3.   For the appointment of a provisional director and/or receiver to manage Nomota's

8              business and affairs pending the resolution of this dispute, as well as all other

9              equitable remedies and rights under *Corporations Code* § 17701.01 *et seq.;*

10         4.   For an order of restitution and/or disgorgement of all benefits unjustly obtained;

11         5.   For pre-judgment interest;

12         6.   For attorney's fees to extent permitted by law; and,

13         7.   For such other and further relief as the Court deems just and proper.

14   Dated: January 13, 2023              GUTMAN LAW

15

16

17   BY: _____
       Alan S. Gutman
18     Attorneys for Defendant and Cross-
       Complainant JONATHAN CAIN
19

20         **DEMAND FOR JURY TRIAL**

21         Defendant hereby demands trial by jury on all claims properly tried to a jury.

22

23   Dated: January 13, 2023              GUTMAN LAW

24

25

26   BY: _____
       Alan S. Gutman
27     Attorneys for Defendant ad Cross-
       Complainant JONATHAN CAIN
28

---

8

**CROSS-COMPLAINT**

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

     I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not party to the within action; my business address is 9350 Wilshire Blvd., Suite 350, Beverly Hills, CA 90212.

     On **January 13, 2023**, I served the foregoing document described as **CROSS-COMPLAINT** on all interested parties in this action as follows:

Louis R. Miller
Colin H. Rolfs
MILLER BARONDESS, LLP
1999 Avenue of the Stars, Suite 1000
Los Angeles, California 90067
Telephone: (310) 552-4400
Facsimile: (310) 552-8400
emails: smiller@millerbarondess.com; crolfs@millerbarondess.com

     [XXX] BY MAIL: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Beverly Hills, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

     [XXX] E-MAIL: I transmitted the document to which this is attached via email to the email addresses listed above.

     [] BY PERSONAL SERVICE: I caused the envelope to be delivered by hand to the offices of the addressee.

     [] BY FACSIMILE TRANSMITTAL: I sent by facsimile the above document on at .m. to the facsimile machine number identified above.

     [] BY GSO OVERNIGHT DELIVERY: I caused the above document to be sent by GSO overnight delivery, fully prepaid, in accordance with Code of Civil Procedure § 1013(c).

     Executed on **January 13, 2023**, at Beverly Hills, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____
ALAN S. GUTMAN

9
**CROSS-COMPLAINT**