TIM BYRON (SBN 277569)
tbyron@byronraphael.com
BYRON RAPHAEL LLP
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone:   (415) 839-8500
Facsimile:   (213) 277-5373

JORDAN RAPHAEL (SBN 252344)
jraphael@byronraphael.com
BYRON RAPHAEL LLP
811 Wilshire Blvd., 17th Floor
Los Angeles, CA 90017
Telephone:   (213) 291-9800
Facsimile:   (213) 277-5373

Attorneys for Plaintiff
STANLEY MILLER

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY MILLER,<br><br>                    Plaintiff,<br><br>          v.<br><br>NOMOTA, LLC; FREEDOM JN, LLC;<br>NEAL J. SCHON; JONATHAN CAIN; and<br>DOES 1-10, inclusive;<br><br>                    Defendants. | Case No. 4:23-cv-02332-YGR<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>Date:        August 21, 2024<br>Time:        1:00 p.m.<br>Location:   Courtroom 1 (via Zoom)<br>Judge:      Hon. Yvonne Gonzalez Rogers |

Pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9, Stanley Miller ("Miller" or "Plaintiff") and Defendants Nomota, LLC ("Nomota") and Freedom JN, LLC ("Freedom JN") jointly submit this Joint Case Management Statement and Proposed Order.  Defendant Jonathan Cain ("Cain") has not yet been served with the FAC, is not represented by counsel for Nomota and Freedom JN, and did not participate in the preparation of this Statement.  Defendant Schon is represented by counsel for Nomota and Freedom JN; he recently waived service.  While he is not required to respond to the Amended Complaint

JOINT CASE MANAGEMENT STATEMENT AND
[PROPOSED] ORDER

until September 17, 2023, he anticipates doing so this month.

1.  **Jurisdiction and Service**

Plaintiff states that this Court has subject matter jurisdiction over Miller's second cause of action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and supplemental jurisdiction over Miller's first cause of action under 28 U.S.C. § 1367.   Nomota and Freedom JN have not challenged the jurisdiction of this court.

Regarding service of Defendants, on June 2, 2023, Plaintiff sent requests to waive service for all Defendants to counsel for Nomota and Freedom.   On June 6, 2023, Nomota and Freedom's counsel returned service waivers for Nomota and Freedom (ECF Nos. 10, 11) and informed Plaintiff's counsel that they were investigating "the status of representations of Neal Schon and John Cain."   On July 6, 2023, counsel for Plaintiff communicated that they would "assume the individual defendants are not accepting service." On July 19, 2023, counsel for Nomota and Freedom advised counsel for Plaintiff that they would be representing Neal Schon.[1]

During the July 31, 2023 Case Management Conference, counsel for Nomota and Freedom again confirmed to Plaintiff's counsel that they were also representing Schon, that Schon would also waive service, and again confirmed their earlier communication that they were not representing Cain.   A waiver of service, effective on July 19, 2023, was conveyed to Plaintiff's counsel on August 5, 2023.   The filing parties understand that Mr. Schon anticipates responding to the Complaint prior to the technical deadline of September 19, 2023.

Cain has not yet been served in this action.   Plaintiff expects that it may be time-consuming to serve Cain, as he is a famous musician who is currently on tour.   Miller may seek an extension

---

[1] The communication stated: "Understand that you want to move your case forward and we're all for reasonable expedition.   But doing these meetings without the two added Defendants may not be the most efficient approach.   So, we may want to discuss filing a joint motion to push back the CMC and the meet-and-confer obligations, given the status of the added Defendants.   Btw, engagement details have been difficult to finalize given Journey's summer tour.   Based on current status, it looks likely that we'll be representing Neal but not John.   If I am able to get the Neal representation finalized, we'd be happy to accept service on his behalf."   Plaintiffs' amended pleading adding these individuals includes allegations regarding an active litigation between the two individuals; as such, a joint representation of both individuals would obviously be challenging.

JOINT CASE MANAGEMENT STATEMENT AND
[PROPOSED] ORDER

1    of time to serve Cain.

2        Miller contends that the requirements for personal jurisdiction are satisfied and that Nomota

3    and Freedom have waived any argument regarding personal jurisdiction not raised in their Rule 12

4    motion (ECF No. 13).

5    **2.  Facts**

6        **A.      Plaintiff's Summary of the Facts**

7        Plaintiff Stanley Miller is an American visual artist also known professionally as "Stanley

8    Mouse" and "Mouse," among other names.  Over the last five decades, Miller, working both alone

9    and with his longtime collaborator Alton Kelley, created iconic artwork for a number of rock bands,

10   including Journey, the Steve Miller Band, and the Grateful Dead.  Kelley died in 2008.  In 2015,

11   Miller and the Kelley Trust entered into a Merchandise License Agreement with Nomota, an entity

12   affiliated with the rock band Journey, to license certain Miller and Kelley works (the "Licensed

13   Works") for use on Journey merchandise, including T-shirts (the "Agreement").    Nomota

14   subsequently flooded the market with Journey merchandise featuring Miller's and Kelley's art.

15   Numerous high-profile national retailers—including Walmart, Target, Kohl's, Old Navy, and the

16   Gap—sold such merchandise.

17       Despite  repeated  requests  from  Miller  and  his  attorneys,  Nomota  has  breached  that

18   Agreement by failing to pay Miller or provide sales reports—the most recent statement Mr. Miller

19   has in his possession is dated September 2019.  Miller also alleges that Nomota has exceeded the

20   scope of that Agreement by using works that were not included under the Agreement and by

21   creating derivative works of the Licensed Works without permission or authorization to do so and

22   without compensating Miller.  As such, Nomota has also engaged in copyright infringement of

23   Miller's copyrighted works.  Plaintiff also brings copyright infringement claims against Freedom,

24   another entity affiliated with Journey that has commercialized Miller's works.

25       On June 2, 2023, Plaintiff amended his complaint to also bring claims against Schon and

26   Cain, two longtime members of the band Journey, who are currently suing one another in California

27   state court.  On October 31, 2022, Schon brought an action against Cain in Superior Court for the

28   State of California, County of Contra Costa, alleging that Cain had improperly denied Schon access

JOINT CASE MANAGEMENT STATEMENT AND
                                     [PROPOSED] ORDER

to Nomota's books and records. *See Schon v. Cain*, No. C22-02337 (Cal. Sup. Ct., filed Oct. 31, 2022).   On January 13, 2013, Cain filed a cross-complaint against Schon in the same action, alleging that Schon had breached fiduciary duties owed to Nomota by, *inter alia,* using a Nomota credit card to pay more than $1 million in personal expenses.   Schon and/or Cain allege in their respective filings that they are members and managers of Nomota and each own 50% of Nomota. *See* ECF No. 9 ¶¶ 13-16 and Exs. 1 & 2.   Cain also alleges that Schon has comingled personal funds with the funds and assets of Nomota—i.e., he alleges Schon "has serious financial problems as a result of an extravagant lifestyle" and used a Nomota credit card to charge more than $1 million in personal expenses, including "$42,000 to various PayPal accounts, over $104,000 to Chrome Hearts (jewelry and apparel), more than $31,000 to the Bergdorf Goodman department store in New York City, and over $54,000 for his personal insurance premiums."   Cain has alleged that Schon's use of a Nomota credit card for more than $1 million in personal expenses "created serious liquidity problems" and left the band with "insufficient revenues to pay for other expenses."   Based on these statements and others, Miller alleges that Schon and Cain are individually liable, either directly or via piercing of the corporate veil, for the alleged acts of breach and infringement.

**B.      Nomota and Freedom JN's Concise Statement**

Mr. Miller and his long-deceased collaborator appear to have prepared design works in the 1960s.   Mr. Miller's information and belief allegations lack specificity, including allegations regarding when putatively infringning sales occurred and which putative Mr. Miller designs were infringed by which sales made by which defendant(s).   Mr. Miller includes in his Amended Complaint references to an agreement allegedly entered into in 2015, apparently by Tim Jorstad who appears to have represented himself as "CFO" of Nomota.   While that agreement licenses very specific Mr. Miller works, the Amended Complaint appears to encompass a much broader set of works.   The agreement further directed that communications be sent to tim@jorstad.com.   Mr. Jorstad has long since been terminated from any role he believed that he had with Nomota.

This lawsuit also makes numerous allegations against non-parties to the 2015 Jorstad Agreement and regarding subject matter outside of the 2015 Jorstad Agreement—including extensive allegations of creating derivative works.   Yet for the past several decades, Journey has

JOINT CASE MANAGEMENT STATEMENT AND
[PROPOSED] ORDER

employed its own design team and created its own images.  Obviously, Mr. Miller considered and evaluated Journey's use of various images at the time of the 2015 Jorstad Agreement. If Mr. Miller was concerned that Journey-created images were derivative works of his 1960s-era designs, then under the law, it was incumbent upon him to raise such claims decades ago.

**3.  Legal Issues**

Miller anticipates this action will raise the following key legal issues:

- Did Nomota breach the Agreement by failing to pay Miller for its use of the licensed works?
- Did Nomota and Freedom commit copyright infringement by making and selling merchandise featuring Miller's copyrighted works or artwork derived from Miller's copyrighted works?
- Are Schon and/or Cain personally liable for infringement, either directly or via their ownership and control of Nomota and/or Freedom?
- What amount of damages, if any, should be awarded to Miller?
- Is Miller entitled to attorneys' fees and costs under the fee-shifting provision in the Agreement and under 17 U.S.C. § 505 of the Copyright Act, and, if so, in what amount?

Nomota and Freedom JN anticipate this action will raise the following key legal issues:

- Formation, scope, validity and enforceability of the 2015 Agreement;
- Performance by Mr. Miller of his obligations under the 2015 Agreement;
- Statute of limitations applicable to Mr. Miller's contract and copyright claims;
- Laches, acquiescence, estoppel and waiver issues associated with Mr. Miller's delays in presenting derivative works claims;

**4.  Motions**

Miller anticipates seeking leave of the Court to file a dispositive motion on the issue of liability shortly after the close of discovery, as it appears beyond factual dispute that Nomota breached the Agreement by failing to pay Miller and that all Defendants infringed Miller's copyrights by making copies of them.

Nomota and Freedom JN have filed a Motion addressing the sufficiency of allegations in Mr. Miller's First Amended Complaint, and statute of limitations issues given the vagueness of those allegations.

**5.  Amendment of Pleadings**

**Plaintiff States:** The current operative complaint is the First Amended Complaint Miller filed on June 2, 2023—Miller amended the complaint to name Schon and Cain after learning via their respective lawsuits of their control and ownership of Nomota and Nomota's financial troubles. Miller intends to seek discovery into Journey's internal organizational structure, which may reveal that additional persons or entities beyond the named Defendants are responsible for the alleged infringement.  Miller also intends to seek discovery into the scope of Defendants' merchandising operation, which may reveal infringement of copyrights not yet asserted in the FAC.  In either case, Miller anticipates that he would seek leave to amend the Complaint to include those defendants and claims at that time.

**Nomota and Freedom JN State:** The current pleading fails to state a claim and is indefinite; it should be dismissed.

**Plaintiff** presents a proposal for the deadline to add parties and amend pleadings in Section 17.

**Nomota and Freedom JN** state that the deadline proposed by Plaintiff is premature, given the non-service of a defendant who will need to participate in the setting of that deadline.

**6.  Evidence Preservation**

The filing parties have reviewed the Northern District of California's Guidelines for Discovery of Electronically Stored Information ("ESI") and Checklist for Rule 26(f) Meet and Confer Regarding ESI, including those portions related to evidence preservation. Additionally, the filing parties have met and conferred at their Rule 26(f) conference regarding evidence preservation. Each of the filing parties has implemented a litigation hold or otherwise taken steps to preserve all ESI and hardcopy documents and media identified as relevant to this action.

**7.  Disclosures**

Plaintiff contends that the deadline for the filing parties to exchange initial disclosures is

JOINT CASE MANAGEMENT STATEMENT AND
[PROPOSED] ORDER

1  August 14, 2023—*i.e*., fourteen days after the parties' July 31, 2023 Rule 26(f) conference pursuant

2  to Rule 26(a)(1)(C) of the Federal Rules of Civil Procedure.  Although Defendants' counsel

3  acknowledged this mutual deadline at the parties' Rule 26(f) conference, Defendants now

4  apparently contend that their motion to dismiss operates as an automatic stay of discovery.  It is

5  well established that "the Federal Rules of Civil Procedure do not provide for an automatic stay of

6  discovery pending resolution of a motion to dismiss."  *Actian Corp. v. Radisys Corp*., 2022 WL

7  20353991, at \*1 (N.D. Cal. Oct. 11, 2022); *Novelposter v. Javitch Canfield Grp*., 2014 WL

8  12618174, at \*1 (N.D. Cal. May 23, 2014).  To the extent Defendants view this Joint Report as an

9  opportunity to informally request such a stay, the Court should deny this request.  Not only is it

10  procedurally improper (it is not made on a noticed motion and Defendants never met and conferred

11  on it), Defendants have not made a "strong showing" of "good cause" for supporting a stay of

12  discovery, as this District requires.  *Novelposter*, 2014 WL 12618174, at \*1.

13  Freedom JN and Nomota disagree with Plaintiff's statements above and assert that setting

14  a deadline for their initial disclosure obligations would be premature given the status of the

15  pleadings, and the non-service of one Defendant.

16  **8.  <u>Discovery</u>**

17  **Discovery served**:  Neither party has served discovery requests.

18  **Scope**:

19  Miller anticipates the scope of discovery will include the following topics: (1) Defendants'

20  internal organizational structure; (2) the identification of each product that has been sold featuring

21  Miller's artwork or artwork derived from Miller's copyrighted works; (3) the identification of each

22  third party that has paid Defendants and/or entered into agreements with Defendants to sell products

23  featuring Miller's artwork or artwork derived from Miller's copyrighted works; (4) sales figures

24  for such products; and (5) discovery into any defense raised by Defendants.  Miller expects

25  discovery into the two individual defendants, Schon and Cain, to be limited to their control over

26  Nomota and Freedom JN, their involvement in the alleged infringement and breach, and any

27  affirmative defense they raise.

28  Nomota and Freedom JN state that the scope of discovery cannot yet be ascertained given

JOINT CASE MANAGEMENT STATEMENT AND
[PROPOSED] ORDER

the status of the pleadings and the insufficient allegations in the First Amended Complaint.

**Proposed Limitations**: The filing parties agree that discovery will proceed pursuant to the Federal Rules of Civil Procedure and the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California.  Nomota and Freedom JN state that discovery should not commence until the pleadings are settled and all defendants are served and able to participate in the process.

**Protective Order**:  The filing parties anticipate that a protective order will be necessary in this case.  Plaintiff states that the parties should work expeditiously toward entry of a protective order; to the extent Defendants refuse to negotiate toward a protective order, Plaintiff intends to file his own motion for protective order.  Nomota and Freedom JN state that a protective order shall not be negotiated and submitted until the pleadings are settled and all defendants are served able to participate in the process.

**Electronically Stored Information**:  The filing parties believe that based on presently known information, discovery into ESI will be limited in this case and that an ESI order will not be necessary but reserve their rights to seek one should one become necessary.

**Service by email**:  The filing parties agree to accept service by email.  Plaintiff may be served by emailing tbyron@byronraphael.com and jraphael@byronraphael.com;  Nomota, Freedom JN, and Schon may be served by emailing the email addresses of record on cm/ecf, namely cpehrson@kba.law, jadamson@kba.law and calendar@kba.law.

**Privilege logs**:  The filing parties agree that privileged communications and documents covered by work product protection need not be included in any privilege log if between a party and its outside counsel of record.

**9.  Class Actions**

Not applicable.

**10. Related Cases**

There are no presently known related cases.

**11. Relief**

As set forth fully in Miller's FAC, Miller seeks actual damages and disgorgement of

JOINT CASE MANAGEMENT STATEMENT AND
[PROPOSED] ORDER

Defendants' profits; an award of attorneys' fees and statutory damages; and injunctive relief.

Nomota and Freedom JN have not yet filed an Answer in this litigation.

**12. Settlement Negotiations**

Pursuant to ADR L.R. 3-5, the filing parties have reviewed the Court's ADR handbook, discussed the available ADR procedures and considered whether this case would benefit from an ADR procedure.  Plaintiff believes that ADR is not likely to be successful until sales information is produced via discovery (either by Defendants or via third-party subpoenas to Defendants' licensees).  Nomota and Freedom JN believe that ADR is unlikely to be successful until preliminary motion practice is resolved and/or Plaintiff clarifies the nature of its allegations and alleges essential facts.  Nomota and Freedom JN believe that private mediation is their preferred ADR option.

**13. Other References**

The filing parties believe at this time that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14. Narrowing of Issues**

**Plaintiff states:** Given the early stage of this case, including the and the fact that discovery has just begun, the filing parties have not at this time identified issues that can be narrowed by motion or stipulation.

**Nomota and Freedom JN state:** The case may be narrowed by the pending motion directed at Plaintiff's insufficient pleading.  It appears premature to address further possible narrowing given that two individual defendants have not yet appeared.

The filing parties may be able to narrow certain issues via stipulated facts once discovery has progressed substantially.

**15. Expedited Trial Procedure**

The filing parties do not propose that this case proceed under the Expedited Trial Procedure of General Order 64.

**16. Scheduling**

Plaintiff propose the following schedule.  Nomota and Freedom JN assert that a schedule should not be set until the pleadings are settled and all defendants are served.

JOINT CASE MANAGEMENT STATEMENT AND
[PROPOSED] ORDER

| Event | Plaintiff's Proposed Deadline | Nomota's and Freedom JN's Proposed Deadline |
|---|---|---|
| Deadline to add parties or amend the pleadings (with good cause required for amendment after this date pursuant to Fed. R. Civ. P. 16(b)(4)) | January 15, 2024 | **Premature to set given status of service and pleadings, including no appearances yet by individual Defendants.** |
| Fact discovery cut-off | June 3, 2024 | **Premature to set given status of service and pleadings, including no appearances yet by individual Defendants.** |
| Expert disclosures | June 24, 2024 | **Premature to set given status of service and pleadings, including no appearances yet by individual Defendants.** |
| Expert rebuttal | July 15, 2024 | **Premature to set given status of service and pleadings, including no appearances yet by individual Defendants.** |
| Expert discovery cutoff | July 29, 2024 | **Premature to set given status of service and pleadings, including no appearances yet by individual Defendants.** |
| Deadline to file dispositive motions | August 12, 2024 | **Premature to set given status of service and pleadings, including no appearances yet by individual Defendants.** |
| Pretrial conference statement due | October 4, 2024 | **Premature to set given status of service and pleadings, including no appearances yet by individual Defendants.** |
| Pretrial conference | October 11, 2024 | **Premature to set given status of service and pleadings, including no appearances yet by individual Defendants.** |
| Trial | October 28, 2024 | **Premature to set given** |

JOINT CASE MANAGEMENT STATEMENT AND
[PROPOSED] ORDER

| | | **status of service and pleadings, including no appearances yet by individual Defendants.** |
|---|---|---|
| Estimated length of trial | 4 days | **Premature to set given status of service and pleadings, including no appearances yet by individual Defendants.** |

In making these proposals, both parties reserve their right to jointly or separately request additional time depending on how the case progresses.

**17. Trial**

Miller requests trial by jury and estimates the length of trial at four days.

**18.  Disclosure of Non-Party Interested Entities or Persons**

The filing parties have filed Certificates of Interested Entities or Persons pursuant to Civil Local Rule 3-14.

**19. Professional Conduct**

The filing parties' attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**20. Other**

None.

1    Dated: August 7, 2023                    BYRON RAPHAEL LLP

2                                             By: _____*Tim Byron*_____
3                                                 TIM BYRON

4                                             TIM BYRON (SBN 277569)
                                              tbyron@byronraphael.com
5                                             BYRON RAPHAEL LLP
                                              100 Pine Street, Suite 1250
6                                             San Francisco, CA 94111
                                              Telephone:    (415) 839-8500
7                                             Facsimile:   (213) 377-5771

8
                                              **KUNZLER BEAN & ADAMSON, PC**
9

10
                                              **By:** _____Chad S. Pehrson_____
11                                            R. Jeremy Adamson (251380)
12                                            Chad S. Pehrson (261829)
                                              **KUNZLER BEAN & ADAMSON, PC**
13                                            4225 Executive Square, Suite 600
                                              La Jolla, CA 92017
14                                            Telephone: (619) 365-9110
15                                            Facsimile: (801) 758-7436
                                              jadamson@kba.law
16                                            cpehrson@kba.law

17

18

19

20

21

22

23

24

25

26

27

28

JOINT CASE MANAGEMENT STATEMENT AND
                                                                [PROPOSED] ORDER

1

**CASE MANAGEMENT ORDER**

2         **Plaintiff Proposes:**  The above JOINT CASE MANAGEMENT STATEMENT and

3    PROPOSED ORDER is approved as the Case Management Order for this case and all parties

4    shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

5         **Nomota and Freedom JN propose:** The Court will set a further case management

6    conference following settling of the pleadings and appearance of all defendants.

7

8    **IT IS SO ORDERED.**

9

10   Dated: _____              _____

11                                       HON. YVONNE GONZALEZ ROGERS
                                         United States District Court Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT CASE MANAGEMENT STATEMENT AND
                                                  [PROPOSED] ORDER