UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY MILLER,<br><br>   Plaintiff,<br><br> v.<br><br>NOMOTA LLC, *et al.*,<br><br>   Defendants. | Case No.  4:23-cv-02332-YGR<br><br>**ORDER TO SHOW CAUSE WHY PLEADINGS SHOULD NOT BE STRUCK**<br><br>Re: Dkt. No. 23 |

  Pending before the Court are motions to dismiss filed by defendants Neal J. Schon and Jonathan Cain (collectively, the "Individual Defendants"), as well as Mr. Schon's motion to strike certain allegations in plaintiff's Amended Complaint ("AC").[1]

  In support of his motion, Mr. Schon argues the allegations to which he objects were "impermissibly cherry-picked" from pleadings in a separate matter involving the Individual Defendants, *Schon v. Cain*, No. C22-02337 (Cal. Super. Ct., filed Oct. 31, 2022). (Schon Mot. at 2:2-3.) He further asserts that plaintiff's counsel undertook no efforts to corroborate the veracity of such pleadings before copying and pasting them into the AC. On that basis, Mr. Schon contends the inclusion of the challenged pleadings in the AC represents a dereliction of plaintiff's counsel's obligations under Federal Rule of Civil Procedure 11.[2]

  ///

---

[1] *See* Dkt. No. 23, Schon's Motion to Dismiss ("Schon Mot."); Dkt. No. 28, Cain's Motion to Dismiss; Dkt. No. 9, Plaintiff's Amended Complaint. Defendant Schon's motion to strike is contained within his motion to dismiss. *See* Schon Mot. at 2:1-7; 3:3-11. He moves this Court to strike allegations in paragraphs 13, 14, 15, 16, and 49 of the AC, as well as Exhibits 1 and 2 attached thereto.

[2] In addition, Mr. Schon asserts that the challenged pleadings are "immaterial" within the meaning of Federal Rule of Civil Procedure 12(f) and are therefore not proper pleadings. Plaintiff responds to this argument at length in his opposition brief. Mr. Schon also suggests, without citation to authority, that the challenged pleadings violate Federal Rule of Civil Procedure 8. Such arguments are not relevant to this order.

To assist in assessing Mr. Schon's Rule 11 arguments, given they impact the analysis of the underlying motions to dismiss, the Court **ORDERS** plaintiff's counsel to file a letter brief describing any investigations made to corroborate the veracity of the at-issue pleadings in *Schon v. Cain*. The letter brief shall be filed no later than **December 28, 2023** and not exceed 3 single-spaced pages. The Court sets a hearing for **January 9, 2024 at 2:01 p.m.** to address this matter. Defendants will have the opportunity to respond to Mr. Schon's letter brief at that time or may file a letter brief subject to the same page limit by no later than **January 4, 2024**.

The Court notes that, if counsel's investigation of the challenged pleadings was insufficient, plaintiff's attempt to hold the Individual Defendants liable under an alter ego theory may be premature and/or inadequately pled, the motion to strike appropriate, and analysis of the pending motions to dismiss settled. For context:

> In California, two conditions must be met before the alter ego doctrine will be invoked. First, there must be such a unity of interest and ownership between the corporation and its equitable owner that the separate personalities of the corporation and the shareholder do not in reality exist. Second, there must be an inequitable result if the acts in question are treated as those of the corporation alone. Among the factors to be considered in applying the doctrine are commingling of funds and other assets of the two entities, the holding out by one entity that it is liable for the debts of the other, identical equitable ownership in the two entities, use of the same offices and employees, and use of one as a mere shell or conduit for the affairs of the other. Other factors which have been described in the case law include inadequate capitalization, disregard of corporate formalities, lack of segregation of corporate records, and identical directors and officers. No one characteristic governs, but the courts must look at all the circumstances to determine whether the doctrine should be applied.

*Sonora Diamond Corp. v. Superior Ct.*, 83 Cal. App. 4th 523, 538–39 (2000) (internal quotations and citations omitted).

Without such allegations, properly made, a claim based on alter ego is not properly stated. *See also AngioScore, Inc. v. TriReme Medical, Inc.*, 87 F.Supp.3d 986, 1013 (N.D. Cal. 2015), *reversed and remanded on other grounds*, 666 Fed.Appx. 884 (Fed. Cir. Nov. 8, 2016) ("Alter ego liability is an extreme remedy, sparingly used.") (quoting *Sonora*, 83 Cal.App.4th at 538). "Such relief is appropriate where there has been an abuse of the corporate privilege so severe that it justifies holding the equitable ownership of a corporation liable for the actions of the corporation." *Id*. (citation omitted). Examples of instances where such relief is warranted include where "the

2

corporate form is 'used to perpetrate a fraud, circumvent a statute, or accomplish some other wrongful or inequitable purpose.'" *Id*. (quoting *Sonora*, 83 Cal.App.4th at 538).

**IT IS SO ORDERED**.

Dated: December 15, 2023

_____
YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE